STATE of Iowa, Appellee,

v.

Lynn William OSMUNDSON, Appellant.

No. 58716.

Supreme Court of Iowa.

May 19, 1976.

Reynolds, Nutty, Smith & Sharp, Ames, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., and Ruth R. Harkin, County Atty., for appellee.

Submitted to REYNOLDSON, Acting C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

In this appeal we review rulings of the trial court made in a prosecution for delivery of a controlled substance. § 204.401(1), Code 1975.

I. The first paragraph of the trial court's two-paragraph instruction on reasonable doubt was in usual form, but the second paragraph stated:

If the State's evidence establishes the guilt of the defendant to a moral certainty in your minds, to such a certainty as you would act upon in a matter of the highest importance to yourselves, then you are convinced beyond a reasonable doubt; but if upon a full and fair consideration of all the evidence, *or lack of evidence in the case,* your minds waver and do not settle down to an abiding conviction of the guilt of the defendant, then you are not satisfied beyond a reasonable doubt and you should return a verdict of acquittal. (Italics added.)

Defense counsel excepted to the instruction "because it states that—I'm referring to line 14, that reasonable doubt can arise in the eyes of the jurors from a lack of evidence in the case. Now, our objection is, that the instruction should read, 'Of evidence produced by the State in the case.'"

The trial court gave the instruction as we have quoted it, notwithstanding the exception.

This was error. *State v. Boyken,* 217 N.W.2d 218 (Iowa); *State v. McGranahan,* 206 N.W.2d 88 (Iowa).

II. The county attorney's information charged that defendant delivered marijuana to an undercover officer. The trial court's Instruction 6, enumerating the propositions the State had to establish, stated that the jury was warranted in finding defendant guilty as charged if the State proved beyond a reasonable doubt:

(1) That the defendant, Lynn William Osmundson, did deliver a controlled substance to-wit: marijuana as alleged in the Information;

(2) That the commission of such offense occurred in Story County, Iowa, on or about the 12th day of April, 1975, or within two years of said date.

Defense counsel excepted to the instruction "for the reason that it purports to state what needs to be shown beyond a reasonable doubt in order to return a verdict of guilty; and in stating what needs to be shown, it omits therefrom, the fact that the State must prove beyond a reasonable doubt that the defendant knew the substance delivered was a controlled substance." Nonetheless, the court gave the jury the instruction as we have quoted it.

In this the court erred. Scienter is an element of an offense such as this. *Thomas v. State,* 522 P.2d 528 (Alaska); *State v. Hernandez,* 96 Ariz. 28, 391 P.2d 586; *People v. Francis,* 71 Cal.2d 66, 75 Cal.Rptr. 199, 450 P.2d 591; *People v. Castro,* 10 Ill.App.3d 1078, 295 N.E.2d 538; *State v. Anderson,* 159 Mont. 344, 498 P.2d 295. Cf. *State v. Reeves,* 209 N.W.2d 18 (Iowa) (scienter is element of offense of

possession); *State v. Boose,* 202 N.W.2d 368 (Iowa).

In Instruction 7, the trial court did instruct the jury that in order to establish defendant's guilt the State had to prove defendant knew the material was a controlled substance. But this only created a conflict between the two instructions, and we are at a loss to know which instruction the jury followed. *State v. Baratta,* 242 Iowa 1308, 49 N.W.2d 866.

Other claimed errors involve problems which will not arise on retrial. Defendant contends the State did not timely notify him of additional testimony and did not timely provide him with a laboratory report. See §§ 749A.4, 769.5, 780.10–780.13, Code 1975. Defendant has now received both the notice and the report and will therefore have each of them more than the minimum statutorily prescribed number of days before the second trial.

We return the case to district court.

REVERSED.