**Larry GERING, Appellee,**

v.

**STATE of Iowa, Appellant.**

**No. 84–1617.**

Supreme Court of Iowa.

Feb. 19, 1986.

Kermit L. Dunahoo of Shelton-Dunahoo Law Firm, Des Moines, for appellee.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and James A. Smith, County Atty., for appellant.

CARTER, Justice.

Larry Gering, the postconviction relief applicant in the present case, was convicted of first-degree arson in June of 1981. This conviction was affirmed by the court of appeals in an unpublished opinion on April 26, 1983, 339 N.W.2d 171. In the present postconviction proceeding, commenced in March of 1984, he challenged his conviction on several grounds not raised at trial or on direct appeal.

The district court found merit in two of these claims, one of which relates to the instruction on reasonable doubt given at his trial, and the other to the failure of the court at that trial to instruct the jury that its verdict must be unanimous. As a result of these determinations, the district court vacated Gering's conviction and sentence and granted a new trial. The State has appealed from this order. We reverse the order of the district court and reinstate Gering's conviction and sentence.

During Gering's trial on the arson charge in June of 1981, the State offered evidence that a state fire investigator had discovered the remains of newspapers saturated with fuel oil near the origin of a fire occurring in February of 1980, which destroyed an apartment building owned by Gering. Other evidence provided by the State included incriminating statements made by Gering to an insurance adjuster

and to one Joleta Ripley concerning his involvement in causing the fire.

On direct appeal from his conviction, Gering raised issues relating to (1) admission of evidence of other crimes, (2) failure of the state to disclose material evidence in pretrial discovery, (3) allowing a State's witness to testify about matters not described in the minutes of testimony, (4) improper cross-examination, (5) admission of laboratory exhibits without sufficient showing as to chain of custody, (6) insufficiency of the evidence to support the conviction, and (7) the statutory defense of "owner's consent." These claims were all found to be lacking in merit by the court of appeals, and a subsequent application for further review was denied by this court.

The issues raised in the postconviction application other than those relating to the reasonable doubt instruction and the unanimous verdict requirement were all rejected by the district court either in its August 23, 1984 order or its subsequent ruling on Gering's motion under Iowa Rule of Civil Procedure 179(b). With respect to the two grounds upon which relief was granted, the State asserts that, absent a finding that Gering's trial counsel were ineffective (a matter on which the postconviction court made precisely the opposite finding), he is barred from pursuing issues not previously raised at trial or on direct appeal by the provisions of Iowa Code section 663A.8.

Gering meets this argument by urging that, notwithstanding the district court's contrary finding (he has cross-appealed from that determination), his two trial counsel were, in fact, ineffective in not raising these issues. In addition, he claims that he should be able to pursue these claims in the postconviction action because the attorney who represented him on direct appeal was also ineffective for not pursuing these issues on appeal under the rubric of an ineffective assistance claim. The State denies that Gering's counsel were ineffective either at trial or on direct appeal. In addition, it asserts a lack of prejudice to Gering from the matters of which he complains.

### I. Failure to Challenge Alleged Errors at Original Trial.

The district court granted postconviction relief to Gering after finding that the court at his trial, in instructing the jury, failed to follow the mandate of *State v. McGranahan*, 206 N.W.2d 88, 92 (Iowa 1973) by not referring to "evidence produced by the State" in the reasonable doubt instruction, and failed to instruct the jury that its verdict must be unanimous. Neither of these omissions were objected to by Gering's counsel at the original trial. At the postconviction hearing, the attorneys who represented him at trial testified that they failed at the time to notice these two deficiencies in the instructions.

It is provided in Iowa Code section 663A.2 pertaining to postconviction relief that "this remedy is not a substitute for ... direct review of the sentence or conviction." Section 663A.8 further provides:

> Any ground ... not raised ... in the proceeding that resulted in the conviction or sentence ... may not be the basis for a subsequent application, unless the court finds a ground for relief asserted *which for sufficient reason was not asserted.*

(Emphasis added.) In our recent decision in *Polly v. State*, 355 N.W.2d 849, 856 (Iowa 1984), we specified that, in addition to this statutory requirement that a postconviction applicant show a sufficient reason for failure to have asserted a ground for relief, it is also necessary to establish "actual prejudice resulting from [the] errors" in order to prevail.

In *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984), we determined that the degree of prejudice required to be shown in postconviction relief proceedings in order to overturn a criminal conviction on grounds not previously urged as a result of ineffective assistance of counsel is that espoused by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984):

> The defendant must show that there is a reasonable probability that, but for coun-

sel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

We also recognized in *Taylor*, 352 N.W.2d at 685 that it is not necessary to determine whether counsel's performance was deficient before examining the prejudice component of an ineffectiveness claim. Accordingly, we first consider the issues of prejudice, if any, arising from the irregularities at the original trial for which the district court granted postconviction relief.

■ A. *Absence of an Instruction Requiring a Unanimous Verdict.* Although there appears to be no federal constitutional right to a unanimous jury verdict in a state criminal prosecution, *see Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), Gering urges that this court has opted in favor of unanimity. We will assume for purposes of the present case that he is correct in this contention and that conviction by a vote of less than all of the jurors would satisfy the prejudice standard necessary to mount a collateral attack on such conviction. Notwithstanding these assumptions, we believe that the failure to instruct the jury on unanimity in the present case was harmless.

It appears that, at one stage of the trial prior to arriving at its verdict, the jury sent a written message to the trial judge advising that it was deadlocked ten to two, a circumstance strongly suggesting that the jurors were aware that their verdict was required to be unanimous. Evidence was offered at the postconviction hearing that a poll of the jurors was conducted before their discharge which revealed that each was in agreement with the verdict rendered. Finally, evidence was presented at the postconviction hearing that a private investigator had interviewed several of the jurors who served at Gering's trial following the conclusion of their terms of service on the jury panel. Such interviews were conducted on behalf of Gering's trial attorneys who were seeking to ascertain whether or not there had been any jury irregularity during the trial. This evidence, which was received without objection, indicates that the private investigator obtained information from these interviews confirming that the jury had been deadlocked at ten to two for conviction for some period of time but ultimately arrived at a unanimous verdict for conviction. Three separate factors thus indicate that the verdict was unanimous. Consideration of this evidence in combination leads to the conclusion that the instructional omission was harmless beyond a reasonable doubt.

B. *The Reasonable Doubt Instruction.* At Gering's trial, the district court instructed the jury in the marshalling instruction that it must establish by evidence beyond a reasonable doubt each of the elements of (a) personally causing the fire, (b) intending to destroy or damage the property, and (c) reasonable anticipation by defendant that persons would be present in or about the premises. The concluding paragraph of the marshalling instruction repeated the fact that the jury could find the defendant guilty only if the State "has proved beyond a reasonable doubt each and all of the [foregoing] elements."

A separate instruction on reasonable doubt stated:

A "reasonable doubt" is such a doubt as fairly and naturally arises in your mind and by reason of which you cannot say that you have a full and abiding conviction of the guilt of the Defendant; and if, after considering all of the circumstances as disclosed by the evidence, you find your mind wavering or vacillating, then you have a reasonable doubt, and the Defendant is entitled to the benefit of such doubt and you must acquit him. A reasonable doubt may arise from the evidence in the case or it may arise from a lack or failure of evidence, and it must be such a doubt as would cause a reasonable, prudent and considerate man to pause and hesitate before acting in the graver and more important affairs of life. But you should not ignore credible

evidence to hunt for doubt, and you should not entertain such doubt as is purely imaginary or fanciful or based on groundless conjecture. If, after a careful and impartial consideration of all of the evidence in the case, you have a full and abiding conviction of the guilt of the Defendant, then you are satisfied beyond a reasonable doubt; otherwise you are not satisfied beyond a reasonable doubt.

Relying on *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571 (1979) and *State v. Wilkens*, 346 N.W.2d 16, 20 (Iowa 1984) for the proposition that due process requires the state to prove all elements of a crime beyond a reasonable doubt, Gering argues that the instructional error involved at his arson trial relieved the State of this obligation. The circumstance, he urges, supports the district court's decision to grant him a new trial.

■ Examination of Gering's argument requires review of other cases which deal with jury instructions on reasonable doubt. Perhaps the point of beginning should be the observations made in *State v. Stout*, 247 Iowa 453, 456, 74 N.W.2d 208, 210 (1956) that, when instructing the jury with respect to its consideration of guilt, no suggestion should be made concerning the consequences of failure to produce evidence unless limited to evidence produced by the State. This admonition was applied in *State v. Osmundson*, 241 N.W.2d 892, 893 (Iowa 1976) in order to posit reversible error on an instruction suggesting that the jury consider "failure of evidence" in its determination of guilt. In *McGranahan*, 206 N.W.2d at 92, it was suggested that the unqualified reference to "lack or failure of evidence" contained in Uniform Jury Instruction 501.11 (presently No. 108) as a source of reasonable doubt should be limited to "a lack or failure of evidence *produced by the state.*" *Id.* at 92 (emphasis added). Failure to heed the suggestion made in *McGranahan* was the basis for reversing a conviction in *State v. Boyken*, 217 N.W.2d 218, 219 (Iowa 1974).

In reviewing the four cases just discussed, certain differences are apparent. The vice discussed in *Stout* and applied in *Osmundson* was the suggestion in the jury instructions that failure of evidence be considered in the determination of guilt. The instructions involved in *McGranahan*, *Boyken* and the present case involve the suggestion that the jury may consider "lack or failure of evidence" in determining whether a reasonable doubt exists. Broadening the frame of reference which the jury may consider in determining guilt tends to prejudice the accused if such broadening permits a jury to convict, in whole or in part, as a result of the accused's failure to produce evidence. In contrast, the broadening of the frame of reference to be considered by the jury in searching for a reasonable doubt does not, in theory, prejudice the accused. As the frame of reference to be considered is enlarged, so is the opportunity for finding that reasonable doubt exists.

■ We conclude that, although the *Stout-Osmundson* situation directly suggests that the jury may consider impermissible factors in determining guilt, the *McGranahan-Boyken* situation does not. We are convinced, therefore, that our dictum in *McGranahan* and our holding in *Boyken* were not based on constitutional mandates but rather are indicative of a preference as to form in order to preclude any possibility of misunderstanding by the jury with respect to the presumption of innocence. Notwithstanding the resulting reversal of defendant's conviction on direct appeal in *Boyken*, we conclude that, for purposes of collateral attack, the conjectural picture surrounding any actual prejudice from use of the disapproved instruction fails to meet the *Strickland* test for overturning a conviction.

## II. *Alleged Ineffective Assistance of Counsel on Appeal.*

Gering has also asserted that he is entitled to postconviction relief by reason of receiving ineffective assistance of counsel from the lawyer who represented him on

his direct appeal. It is Gering's contention that, if that lawyer had raised the two defects in the jury instructions discussed in the prior division as points on direct appeal and sought to excuse the absence of timely objection on the ground of ineffective assistance of trial counsel, a reversal of his conviction could have been obtained on direct appeal. He urges in this regard that, in *State v. Goff*, 342 N.W.2d 830, 838 (Iowa 1983), we reversed the defendant's conviction based on erroneous jury instructions not objected to at trial on the ground that such failure to object was excused by reason of ineffective assistance of trial counsel.

Implicit in this argument is the suggestion that the prejudice requirement of *Strickland* as recognized in *Taylor*, 352 N.W.2d at 685 is different with respect to ineffective assistance of appellate counsel than with ineffective assistance of trial counsel. In the appeal situation, Gering suggests, any course of action which would have resulted in a reversal on direct appeal is, if not pursued, such ineffective assistance of appellate counsel as to warrant the granting of postconviction relief. It is not necessary, he suggests, that the error in question, when viewed within the context of the trial, meet the *Strickland* standard of prejudice.

We disagree with this analysis. For purposes of applying the *Strickland* prejudice standard, the gravity of counsel's error, whether at trial or on appeal, must be measured in terms of its probable consequences at trial. For the reasons stated in Division I of this opinion, the matters complained of do not satisfy this test. The judgment of the district court is reversed and the cause remanded for entry of a judgment dismissing the application for postconviction relief.

REVERSED AND REMANDED.

All Justices concur except LAVORATO, J., who takes no part.