**STATE of Iowa, Appellee,**

v.

**Robert Eric FREEMAN, Appellant.**

**No. 88–1879.**

Supreme Court of Iowa.

Jan. 24, 1990.

Raymond E. Rogers, State Appellate Defender, and Shari Barron, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., E.A. Westfall, County Atty., and Drew Kouris, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

The facts of this case are not disputed. The defendant, Robert Eric Freeman, agreed to sell a controlled substance, cocaine, to Keith Hatcher. Unfortunately for Freeman, Hatcher was cooperating with the government. Hatcher gave Freeman $200, and Freeman gave Hatcher approximately two grams of what was supposed to be cocaine. To everyone's surprise, the "cocaine" turned out to be acetaminophen. Acetaminophen is not a controlled substance.

Freeman was convicted at a bench trial of delivering a simulated controlled substance with respect to a substance represented to be cocaine, in violation of Iowa Code section 204.401(2)(a) (1987). The sole question presented by Freeman's appeal is whether he can be convicted of delivering a simulated controlled substance when, in fact, he believed he was delivering and intended to deliver cocaine.

Our review is to determine whether any error of law occurred. Iowa R.App.P. 4. Finding no error, we affirm the conviction.

I. *The statutory framework.* Iowa Code section 204.401(2) provides, in relevant part:

[I]t is unlawful for a person to create, deliver, or possess with intent to deliver ... a simulated controlled substance....

The term "simulated controlled substance" is defined by Iowa Code section 204.101(27):

"*Simulated controlled substance*" means a substance *which is not a controlled substance but which is expressly represented to be a controlled substance, or* a substance which is not a controlled substance but which is *impliedly represented to be a controlled substance* and which because of its nature, packaging, or appearance would lead a reasonable person to believe it to be a controlled substance.

(Emphasis added.) Violation of section 204.401(2) with respect to a simulated controlled substance represented to be cocaine is a class "C" felony. Iowa Code § 204.401(2)(a).

II. *Scienter and the offense of delivery of a simulated controlled substance.* Our cases indicate that knowledge of the nature of the substance delivered is an imputed element of section 204.401(1) offenses. *See, e.g., State v. Osmundson,* 241 N.W.2d 892, 893 (Iowa 1976) (knowledge an imputed element of offense of delivery of a controlled substance); *cf. State v. Duncan,* 414 N.W.2d 91, 94 n. 2 (Iowa 1987) (knowledge an imputed element of delivery of an imitation controlled substance under Iowa Code chapter 204A). Proof of such knowledge has been required to separate those persons who innocently commit the overt acts of the offense from those persons who commit the overt acts of the offense with scienter, or criminal intent. *See Osmundson,* 241 N.W.2d at 893 ("Scienter is an element of an offense such as this [violation of section 204.401(1) ]."). In general, only the latter are criminally responsible for their acts. *See Eggman v. Scurr,* 311 N.W.2d 77, 78 (Iowa 1981) ("[A] basic premise of criminal liability, expressed in the maxim *actus not facit reum nisi mens sit rea,* is that an act alone does not make one guilty unless his mind is also guilty.")

The Iowa Code prohibits delivery of controlled substances and imitation controlled substances, as well as delivery of counterfeit substances, in language nearly identical to that prohibiting delivery of simulated controlled substances. *Compare* Iowa Code § 204.401(1) (prohibiting delivery of controlled substances) *and* § 204.401(2) (prohibiting delivery of counterfeit substances and simulated controlled substances) *with* § 204A.4 (prohibiting delivery of imitation controlled substances). The distinctions between these statutory classifications are not relevant to this case.

■ Seizing upon the similarity of the statutory prohibitions, Freeman argues that he cannot be convicted of delivering a simulated controlled substance because he mistakenly believed he was delivering and intended to deliver an actual controlled substance.

We disagree. Freeman's construction of section 204.401(2) would convert the offense of delivery of a simulated controlled substance into one requiring *knowing misrepresentation* of the nature of the substance delivered. The statute clearly does not require knowing misrepresentation of the nature of the substance delivered.

■ Reading sections 204.401(2) and 204.101(27) together shows that the gist of this offense is *knowing representation* of a substance to be a controlled substance and delivery of a noncontrolled substance, rather than *knowing misrepresentation* and delivery. As one court explained under similar circumstances, statutes like section 204.401(2) are designed "to discourage anyone from engaging or appearing to engage in the narcotics traffic rather than to define the contractual rights of the pusher and his victim...." *People v. Ernst,* 48 Cal.App.3d 785, 791, 121 Cal.Rptr. 857, 861 (1975) (internal quotation omitted); *see also State v. Marsh,* 9 Kan.App.2d 608, 684 P.2d 459 (1984) (citing authority from other states and holding that statute prohibiting fraudulent delivery of noncontrolled substance does not require proof of specific intent to deliver noncontrolled substance; fact that defendant believed the substance he delivered was controlled is no defense).

■ Freeman's mistaken belief regarding the substance he delivered cannot

save him from conviction. Mistake of fact is a defense to a crime of scienter or criminal intent only where the mistake precludes the existence of the mental state necessary to commit the crime. *See, e.g., State v. Freeman,* 267 N.W.2d 69 (Iowa 1978); 21 Am.Jur.2d *Criminal Law* § 141 (1981) ("[A]t common law an honest and reasonable belief in the existence of circumstances which, if true, *would have made the act done innocent,* is a good defense.") (emphasis added); Model Penal Code § 2.04(2) (1962) ("Although ignorance or mistake would otherwise afford a defense to the offense charged, the defense is not available if the defendant would be guilty of another offense had the situation been as he supposed."). In this case, Freeman would not be innocent of wrongdoing had the situation been as he supposed; rather, he would be guilty of delivering a controlled substance. His mistake is no defense. The scienter required to hold him criminally responsible for committing the overt acts of the charged offense is present regardless of the mistake. Freeman knowingly represented to Hatcher that the substance he delivered was cocaine.

In conclusion, we hold that a person who delivers a substance that is not a controlled substance, *but who knowingly represents the substance to be a controlled substance,* commits the offense of delivery of a simulated controlled substance regardless of whether the person believed that the substance was controlled or not controlled.

Delivery of a simulated controlled substance is not a consumer fraud offense. Freeman attempted and intended to sell cocaine. The fact that Freeman was fooled as much as his customer is no defense to the charge in this case.

AFFIRMED.