STATE of Iowa, Appellee,

v.

**ONE 1964 OLDSMOBILE CUTLASS CONVERTIBLE, Defendant,**

**Martin Looney, Appellant.**

No. 93–170.

Supreme Court of Iowa.

Sept. 21, 1994.

Alfredo Parrish and Maggi Moss of Parrish, Kruidenier, Moss & Dunn, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., John P. Sarcone, Co. Atty., and Jamie D. Bowers, Asst. Co. Atty., for appellee.

Considered by McGIVERIN, C.J, and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Martin Looney loaned his 1964 Oldsmobile to a friend, Brandon Caldwell, who used it in a drug transaction. A district associate judge ordered the car forfeited, and the district court affirmed. We reverse and remand.

Iowa Code section 809.14(1) (1991) provides:

> Property shall not be forfeited under this chapter to the extent of the interest of an owner, other than a joint tenant, who had no part in the commission of the crime and who had no knowledge of the criminal use or intended use of the property. However, if it is established by a preponderance of the evidence that the owner permitted the use of the property under circumstances in which the owner *knew or should have known* that the property was being used for a criminal purpose, there is a rebuttable presumption that the owner knew that the property was intended to be used in the commission of a crime.

(Emphasis added.)

■ In a forfeiture case, we review for correction of errors at law, and the district court's findings will be affirmed if supported by substantial evidence. *In re Property of Kaster*, 454 N.W.2d 876, 877 (Iowa 1990). The State has the burden of proving, by a preponderance of evidence, that the forfei-

ture is valid. Iowa Code § 809.11(1). The sole issue is whether there is substantial evidence that Looney "knew or should have known" that his car was going to be used for illegal purposes.

■ Several well-established principles apply: we view the evidence in the light most favorable to the district court judgment and liberally construe its findings. If the court's findings are supported by substantial evidence, they are binding on us. A finding is supported by substantial evidence if it may be reasonably inferred from the evidence. *In re Property of Rush*, 448 N.W.2d 472, 477 (Iowa 1989).

■ In the light most favorable to the court's ruling, the following facts appear: Looney had had prior experience in dealing drugs and had been convicted of such offense. He had prior experience with the forfeiture statute, having earlier lost a vehicle to forfeiture. He also was familiar with Caldwell, the two having attended middle school together in Kansas City several years ago. In addition, there was some evidence that there was a car with Kansas plates in Looney's parking lot, suggesting that perhaps Caldwell had a purpose in borrowing Looney's car other than to merely obtain transportation.

Although an order of forfeiture will not be reversed unless the evidence is utterly wanting to support the conclusion of the trial court, *Rush*, 448 N.W.2d at 477, the evidence must be substantial. In a similar case, *In re Property of Daniels*, 478 N.W.2d 622, 623–24 (Iowa 1991), we concluded that money found in the claimant's car was not forfeitable. The State showed that the money was identified by a drug-sniffing dog as having been exposed to drugs. In addition to the cash, a small amount of marijuana was found. We held that the evidence was not sufficient to establish forfeitability. We held that it "impermissibly requires conjecture or speculation to tie the cash seized with illegal drug transactions." *Id.*

The evidence in the present case is not sufficient to rise to the level of substantial evidence. While the record might well create suspicion in a reasonable person, that is

not enough. We reverse and remand for dismissal of the forfeiture proceedings.

**REVERSED AND REMANDED.**