530 N.W.2d 460 (1995)
In the Matter of Property Seized from H.E.W., INC.,
H.E.W., Inc., Appellant.
No. 93-0811.
Court of Appeals of Iowa.
January 23, 1995.
*462 Dan T. McGrevey, Fort Dodge, for appellant.
Bonnie J. Campbell, Atty. Gen., Robert P. Ewald and Kathleen M. Deal, Asst. Attys. Gen., and William McNertney, County Atty., for State.
Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.
HABHAB, Judge.
H.E.W., Inc., appeals from an order vesting title of a tractor and semitrailer in the State of Iowa in a forfeiture proceeding. We reverse.
H.E.W., an asbestos disposal business, sent an employee, Michael Goodman, to pick up a trailer it was renting from U.S. Abatement, a competitor in Omaha. Goodman arrived in Omaha between 11 p.m. and midnight on Friday, August 7, 1992. Goodman used a 1981 GMC tractor to haul a 1974 Fruehauf semitrailer back to Iowa. The trailer was padlocked when Goodman picked it up. Goodman reached the H.E.W. site on Saturday, August 8, 1992, and left the trailer there until the following Monday. On Monday, the padlock on the trailer was removed, revealing bags of asbestos waste and pipes.
Later the same day, the State of Iowa executed a search warrant on H.E.W.'s premises. The asbestos in the trailer was found to be improperly packaged, that is, it was not dampened and sealed in labeled, airtight plastic bags. H.E.W. did not have a waste manifest (documentation that must accompany transported hazardous waste) or shipping records for the asbestos.[1]
The State seized the tractor, semitrailer, and H.E.W.'s business records. H.E.W. was later served with a notice of forfeiture based on a violation of Iowa Code chapter 716B (1993) (hazardous waste offenses). U.S. Abatement was not served with a similar notice, nor does it appear to be a party to these proceedings.[2]
H.E.W. filed an objection to forfeiture and a motion for restoration of seized property. After a hearing, the district court vested title to the tractor and semitrailer in the State of Iowa. H.E.W.'s rule 179(b) motion was denied. H.E.W. appeals.
H.E.W. claims the State failed to carry its burden that the tractor and semitrailer were forfeitable by a preponderance of the evidence. See Iowa Code § 809.11(1) (1993). H.E.W. argues the tractor and semitrailer had not been used or intended to be used to facilitate the commission of a criminal offense. The record does not reveal that any charges have been filed against H.E.W. This does not, however, preclude forfeiture, as Iowa Code section 809.11(1) provides, in part:
(1) ... forfeiture is not dependent upon a prosecution for, or conviction of, a criminal offense, and forfeiture proceedings are separate and distinct from any related criminal action.
The State contends the condition of the asbestos waste in the trailer violated Iowa Code chapter 716B. H.E.W. claimed the hazardous waste was transported by mistake and, therefore, they did not "knowingly or with reason to know" act in such a way as to violate chapter 716B. See State v. Freeman, 450 N.W.2d 826, 827-28 (Iowa 1990) (mistake of fact is a defense to a crime of scienter or criminal intent where the mistake precludes the existence of the mental state necessary to commit the crime).[3]
Our scope of review is for correction of errors at law. Iowa R.App.P. 4. We *463 view the evidence in the light most favorable to sustaining the district court judgment. In re Property of Rush, 448 N.W.2d 472, 477 (Iowa 1989) (citations omitted). If the trial court's decision is supported by substantial evidence and justified under the law, the findings are binding on us, and the judgment will not be disturbed on appeal. Id. "[E]vidence is substantial if a reasonable mind would accept it as adequate to reach a conclusion." In re Property Seized from DeCamp, 511 N.W.2d 616, 619 (Iowa 1994).

I.
H.E.W. argues the tractor and semitrailer are not forfeitable under Iowa Code chapter 809 (1991) since the State failed to prove by a preponderance of the evidence that they were used or they were intended to be used "to facilitate the commission of a criminal offense." More specifically, H.E.W. contends it did not knowingly dispose, transport, or store hazardous waste. See Iowa Code chapter 716B (1991).
Property is forfeitable if it "has been used or is intended to be used to facilitate the commission of a criminal offense." Iowa Code § 809.1(2)(b). The criminal offenses at issue in this case involve the three hazardous waste offenses in chapter 716B.[4] All three offenses require the mens rea of "knowingly or with reason to know." See Iowa Code chapter 716B. The word "facilitate" as used in section 809.1 has been interpreted to require a substantial connection between the property and the crime. "The legislature would not have intended the forfeiture statute to divest private property based on an unsubstantial connection between the property and the underlying criminal activity." In re Kaster, 454 N.W.2d 876, 879 (Iowa 1990).

II.
It is clear to us there is not substantial evidence that the knowledge element of the crimes in the referred to statute was met. On the contrary, there is substantial evidence that the semitrailer was taken from U.S. Abatement by mistake. Factually, it appears that the trailer in question was rented as an empty trailer by H.E.W. from U.S. Abatement for the purpose of picking up barrels at Tone's Spice in Des Moines. When the trailer was received by H.E.W. it was secured by a padlock. An employee of H.E.W. was instructed to open the trailer, and it was only then that H.E.W. knew of its contents. There is further testimony that H.E.W. was in the process of "trying to get this matter straightened out" (presumably with U.S. Abatement) when the tractor and trailer were seized.
Although an order of forfeiture will not be reversed unless the evidence is utterly wanting to support the conclusion of the trial court, the evidence must be substantial. Rush, 448 N.W.2d at 477. Even when we view the evidence in the light most favorable to sustaining the district court's decision, we conclude that there is not substantial evidence to support the district court's finding that the tractor and semitrailer are forfeitable. Like in State v. One 1964 Olds. Cutlass Convert., 521 N.W.2d 721, 722 (Iowa 1994), the record might well create a suspicion in a reasonable person, but that is not enough. The evidence presented impermissibly requires conjecture or speculation to tie the two units in dispute with illegal activity at least on the part of H.E.W. See In re Daniels, 478 N.W.2d 622 (Iowa 1991).
To uphold a forfeiture it is required that there be a showing of a substantial connection between the property and the crime. State v. Dykes, 471 N.W.2d 846 (Iowa 1991). This is a more vigorous standard that some federal courts, employing federal law, apply. Id. (citing Kaster, 454 N.W.2d at 879). While circumstantial evidence is as probative as direct evidence in proving a matter in issue, circumstances must have sufficient probative force to constitute a basis for a legal inference. Circumstantial evidence does not have such probative force when the inference drawn from it is "based on surmise, speculation, or conjecture." *464 Harsha v. State Sav. Bank, 346 N.W.2d 791, 800 (Iowa 1984).

III.
The State claims it is entitled to the tractor and semitrailer for they were used to "facilitate the commission of a criminal offense." It has been held that Iowa's forfeiture laws in chapter 809 are penal in nature and must be strictly construed. In re Wagner, 482 N.W.2d 160, 162 (Iowa 1992); Kaster, 454 N.W.2d at 877; State v. Ludtke, 446 N.W.2d 797, 798 (Iowa 1989). Strict construction is a requisite for generally forfeiture statutes are disfavored. Dykes, 471 N.W.2d at 847; Jamison v. Knosby, 423 N.W.2d 2, 4 (Iowa 1988); Chicago R.I. & P.R. v. City of Iowa City, 288 N.W.2d 536, 541 (Iowa 1980); State v. Kaufman, 201 N.W.2d 722, 723 (Iowa 1972). "Forfeitures are not favored; they should be enforced only when within both the letter and the spirit of the law." United States v. One Ford Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249, 1254 (1939).
Forfeiture statutes like section 809.1(2)(b) may be subject to the Excessive Fines Clause of the Eighth Amendment to the United States Constitution if such statutes are, at least in part, punitive. See Austin v. United States, 509 U.S. ___, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). It is clear to us that section 809.2 is, at least in part, punitive and not solely remedial. This is so for criminal conduct is directly linked to forfeiture in the statute.[5]

IV.
The Eighth Amendment to the United States Constitution and Article One, Section 17, of the Iowa Constitution further reinforces our Supreme Court holdings that forfeiture statutes should be strictly construed. When the Eighth Amendment was adopted by our founding fathers, it was clearly their intent to prevent the government from abusing its power to punish. Browning-Ferris Ind. v. Kelco Disposal, Inc., 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). Collateral to preventing the government from abusing its power to punish is the known pursuit that governments should be prevented from acting oppressively. As our United States Supreme Court stated in Austin:
The purpose of the Eighth Amendment, putting the Bail Clause to one side, was to limit the government's power to punish. See Browning-Ferris, 492 US, at 266-267, 275, 106 LEd2d 219, 109 SCt 2909 [2915-2916]. The Cruel and Unusual Punishments Clause is self-evidently concerned with punishment. The Excessive Fines Clause limits the Government's power to extract payments, whether in cash or in kind "as punishment for some offense." Id., at 265, 106 LEd2d 219, 109 SCt 2909 [2915] (emphasis added). "The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law." United States v. Halper, 490 US 435, 447-448, 104 LEd2d 487, 109 SCt 1892 [1901] (1989). "It is commonly understood that civil proceedings may advance punitive and remedial goals, and, conversely, that both punitive and remedial goals may be served by criminal penalties." Id., at 447, 104 LEd2d 487, 109 SCt 1892 [1901]. See also United States ex rel. Marcus v. Hess, 317 US 537, 554, 87 LEd 443, 63 SCt 379 [389] (1943) (Frankfurter, J., concurring).
Austin, 509 U.S. at ___, 113 S.Ct. at 2805-2806, 125 L.Ed.2d at 497.
The Austin case discusses the three kinds of forfeiture that were established in England at the time the Eighth Amendment was ratified in the United States: Deodand, forfeiture upon conviction for a felony or treason, and statutory forfeiture. Austin further explains that, of the three kinds of forfeiture, only the third took hold in the United States, i.e. statutory forfeiture. After a lengthy discussion as to the effect that forfeiture has insofar as the Eighth Amendment is concerned, the United States Supreme Court held that forfeitures under the statutes discussed in Austin are considered punishment. *465 We have previously determined in this opinion that the forfeiture statutes in chapter 809 do at least in part constitute punishment.
Having concluded that the forfeiture works as a fine, the Austin case further teaches us that excessiveness under the Eighth Amendment becomes an issue and must be resolved by the trial court. Even prior to Austin, Justice Harris, speaking for the majority in State v. Dykes, 471 N.W.2d 846 (Iowa 1991), envisioned the constitutional effect of the Eighth Amendment on excessive fines when he stated:
We feel obliged to state that facts in this case are important to our holding. Cases can be imagined where property forfeited could be so out of proportion to an insignificant public offense as to constitute an unconstitutionally excessive fine under the Eighth Amendment to the Federal Constitution.
We note the excessiveness issue was neither before the trial court nor is it before us. Since we reverse on the ground that the State's proof does not rise to the level of substantial evidence, the issue of excessiveness need not be here resolved.

V.
In conclusion, we find there was not substantial evidence to support the district court's finding that the tractor and semitrailer are forfeitable property within the meaning of section 809.1(2)(b). Therefore, we reverse and remand for dismissal of the forfeiture proceedings. See One 1964 Olds. Cutlass Convert., 521 N.W.2d at 723.
REVERSED AND REMANDED.
NOTES
[1] There is also evidence that asbestos was found in bags in a Quonset hut. H.E.W. did not own or use this particular hut but some of the bags in it were similar to those in the trailer. The trial court was explicit in its findings that it did not predicate its ruling on this evidence.
[2] It is clear that U.S. Abatement, although the titleholder of the semitrailer that was forfeited, was not made a party to these proceedings. We are not asked nor need we determine the effect the forfeiture statute has against the title of property of a person not made a party to the forfeiture proceedings.
[3] "At common law an honest and reasonable belief in the existence of circumstances which, if true, would have made the act done innocent is a good defense." Freeman, 450 N.W.2d at 828 (citing with approval 21 Am.Jur.2d Criminal Law § 141, at 276 (1981)).
[4] Section 716B.2 makes it unlawful to knowingly dispose of hazardous waste at any unauthorized location. Section 716B.3 makes it unlawful to knowingly transport or cause to be transported hazardous waste to any location other than an authorized facility. Section 716B.4 makes it unlawful to knowingly treat or store hazardous waste without a permit.
[5] If the property was used or intended to be used in the commission of a crime, then the property becomes forfeitable. The statute implies, at least in part, that forfeiture results from and is punishment for criminal conduct.