# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 12, 2008

## ALFONZO WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-27862    Carolyn Wade Blackett, Judge**

---

**No. W2008-00106-CCA-R3-PC  -  Filed July 29, 2009**

---

D. KELLY THOMAS, JR., J., dissenting.

In the present case, the majority concludes that the trial court's answer to the jury's question regarding the self-defense jury instruction fairly instructed the jury and did not mislead them as to the applicable law, and therefore "the Petitioner has failed to show that he was prejudiced by the performance of counsel in his lack of objection during the trial and failure to preserve the issue on appeal." For the reasons stated below, I must respectfully dissent from this conclusion.

To review, the first sentence of the trial court's jury instruction on self-defense read, "Included in the defendant's plea of not guilty is his plea of self-defense." During its deliberations, the jury submitted the following question to the trial court:

Question 1, Self Defense — What was the defendant's plea? The charge says his plea included self defense (e.g., Did he say he did it in self-defense?).

Trial counsel requested that the court instruct the jury that the petitioner's plea was not guilty and that he did not plead self-defense. The trial court declined to issue an instruction to that effect; rather, it instructed the jury that "in regard to question number one, in this case, the court had to charge self-defense as a matter of law in this case. So the court charged self-defense as a matter of law."

In my view, trial counsel should have objected to the trial court's initial self-defense instruction. The trial court's instruction that the petitioner's not guilty plea included "his plea of self-defense" conflicted with the defendant's trial testimony that he did not shoot the victim. This contradiction was noticed by the jury as evidenced by its question. Furthermore, the trial court's response to the jury question—that the trial court had to give the self-defense instruction, including the "his plea of self-defense" language—affirmed the jury's concern that at some point the defendant had testified that he acted in self-defense. Although the majority states that the trial court's supplemental instruction "did not say the Petitioner was claiming self-defense," I find troubling the fact that the trial court's supplemental instruction did not tell the jury that the petitioner did not claim

self-defense. The petitioner's theory of defense was that he was not present at the time the victim was shot; he testified that he spent time with the victim before he was shot but that the victim was still alive and unharmed when they parted ways. Furthermore, although two witnesses testified that the petitioner told them that he shot the victim in self-defense, none of the testifying witnesses saw anyone shoot the victim. In short, the evidence that the petitioner shot the victim was not overwhelming. In light of these facts, I would conclude that trial court's failure to preserve the issue by objecting to the trial court's initial and supplemental instructions, as well as his failing to raise the issue in the motion for new trial, constituted deficient performance.

I also would have concluded that counsel's actions in failing to preserve the issue for appeal were prejudicial. To prove that counsel's deficient performance prejudiced him, the petitioner must show that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" Strickland v. Washington, 466 U.S. 668, 694 (1984). In reviewing whether an appellate counsel's performance prejudiced a petitioner, this court has concluded that "the petitioner must show that there was a reasonable probability that the outcome of the appeal would have been different." Darryl Lee Elkins v. State, No. E2005-02153-CCA-R3-PC, 2008 WL 65329, at *5 (Tenn. Crim. App. Jan. 7, 2008), perm. app. denied, (Tenn. May 27, 2008).[1] Courts in several other states have adopted this standard for evaluating whether an appellate counsel's performance prejudiced the petitioner. See, e.g., Nixon v. State, 932 So. 2d 1009, 1023 (Fla. 2006); Nelson v. Hall, 573 S.E.2d 42, 43 (Ga. 2002); Pierson v. State, 637 N.W.2d 571, 579 (Minn. 2002).

Although the deficient performance in this case was rendered by trial counsel, rather than appellate counsel, applying the above standard to the instant case, in my view, clearly shows that trial counsel's deficiency in failing to preserve the issue prejudiced the petitioner on appeal. Had trial counsel preserved the issue regarding the jury instruction, there was a reasonable probability that this court would have reversed the petitioner's convictions—in other words, there was a reasonable probability that the outcome of the petitioner's appeal would have been different. An erroneous jury instruction is subject to harmless error analysis on appeal. State v. Garrison, 40 S.W.3d 426, 433-34 (Tenn. 2000). Omission of a lesser included offense is a non-structural constitutional error, see State v. Page, 184 S.W.3d 223, 230 (Tenn. 2006), so it can be inferred that an error regarding an instruction on a defense is also a non-structural constitutional error. "A non-structural constitutional error requires reversal unless the State demonstrates beyond a reasonable doubt that the error is harmless." State v. Rodriguez, 254 S.W.3d 361, 371 (Tenn. 2008). A non-structural constitutional error may be considered harmless only when it appears beyond a reasonable doubt that the error

---

[1] Of note, the author of the majority opinion in the present case filed a separate opinion in Darryl Lee Elkins concurring in the results but asserting that the standard for determining the effectiveness of appellate counsel "is the same for trial counsel, that is, whether a reasonable possibility that, but for counsel's deficiency, the outcome of the trial would have been different." Darryl Lee Elkins, 2008 WL 65329, at *9 (Tipton, P.J., concurring). The concurring opinion also stated, "At least two states focus the prejudice inquiry of the ineffective assistance of appellate counsel on the result of the trial, rather than the appeal." Id. at *11 (citing Bunkley v. Commn'r of Correction, 610 A.2d 598, 608 (Conn. 1992); Gering v. State, 382 N.W.2d 151, 156 (Iowa 1986)).

complained about did not contribute to the result obtained.  <u>Id.</u>   Given the nature of the evidence in this case, a reasonable probability exists that this court would have concluded that the State could not have proven beyond a reasonable doubt that the trial court's error in instructing the jury that the petitioner's not guilty plea included "his plea" of self defense did not contribute to the jury's guilty verdict.

Based on the foregoing, I would have concluded that trial counsel rendered ineffective assistance by failing to preserve the issue regarding the self-defense jury instruction on appeal and granted the petitioner relief, resulting in a new trial.

_____

D. KELLY THOMAS, JR., JUDGE