[No. 4306.]

THE PEOPLE EX REL. SULLIVAN v. THE DISTRICT COURT OF LAKE COUNTY ET AL.

1. CERTIORARI—FINAL ORDERS.

The writ of *certiorari* can be used to review only final orders. Neither a ruling on a motion to vacate an order of dismissal nor one denying an application to file a referee's report after the cause was dismissed was a final order reviewable by *certiorari*.

2. CERTIORARI—DISCRETION OF COURT.

The right to a writ of *certiorari* from the supreme court is not absolute but rests in the sound discretion of the court.

3. LACHES—CERTIORARI.

The fact that a respondent on an application for a writ of *certiorari* fails to plead laches is not conclusive on the court, but the court may *sua sponte* raise the point.

4. LACHES—DISMISSAL OF CASE—CERTIORARI.

Where a case was dismissed for want of prosecution and the plaintiff had notice of the order of dismissal three months prior to the expiration of the time within which he might have sued out a writ of

error to the order, but failing to sue out a writ of error, he applied for a writ of *certiorari* nearly a year after the time for a writ of error had expired without offering any sufficient excuse for the unreasonable delay in filing the application or for his failure to sue out a writ of error, the *certiorari* will be denied because of the applicant's laches.

## *Original Application for Writ of Certiorari.*

Upon the *ex parte* application of petitioner Martin Sullivan for a writ of *certiorari*, directed to the district court of Lake county and the judge thereof, an order to show cause was issued, and upon filing the return, which is not controverted, respondents move to vacate the order.

The facts are that in the district court of Lake county, Martin Sullivan, petitioner here, as plaintiff there, on the 23d day of May, 1887, brought a suit for the enforcement of a lien. On March 2, 1890, default was entered against the defendants and judgment subsequently rendered against them, which, on the 9th day of May, 1890, was set aside upon their application. On the 2d day of October, 1890, by agreement of parties, the cause was referred to Charles Cavender, Esq., an attorney of that court, for the purpose of trying the issues of fact and questions of law and reporting the same to the court.

For more than five years thereafter no further steps were taken in the action, and on the 6th of March, 1896, the court dismissed the same under one of its rules which provided that an action should be dismissed by order of the court when no progress has been made or entered therein for a period of one year.

On January 29, 1900, a motion in the district court to vacate the order dismissing the cause and to reinstate the same was made by the plaintiff, and on the 5th of March, 1900, it was denied. On the 26th of April, 1900, it seems that, for the first time, the referee took his oath of office and attended by plaintiff's counsel, proceeded to hear testimony

and afterwards made findings of fact and prepared a decree based thereon in favor of the plaintiff; and the report of his proceedings he afterwards tendered to the court on the 28th day of August 1900, but the court refused to allow it to be filed.

The plaintiff, then, on the 8th of December 1900, filed this application for a writ of *certiorari.*

Messrs. LAWS & FREEMAN for petitioner.

Mr. CLINTON REED for respondent.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

It does not clearly appear from the petition just what particular order of the district court is sought to be reviewed, but since the writ can be used to review only the final determination of an inferior tribunal (*Schwarz v. County Court,* 14 Colo. 44), we take it to be the order of the district court entered March 6, 1896, dismissing the action, as that is the only final order to which our attention has been called; neither the ruling on the motion to vacate that order, nor that denying the referee's application to file his report, being a final judgment.

Under the constitution, whence is derived our jurisdiction to issue the writ of *certiorari,* the right thereto is not absolute, but rests in the sound discretion of the court. Under the facts of this case it does not become necessary to determine whether the district court had power to make the rule under which the cause was dismissed, or had jurisdiction to enter the order of dismissal while the action was, as it is said, pending before a referee and without an order having been first entered by the court setting aside the reference. For it is clear that petitioner, by his negligent delay, is not entitled to the writ, even upon his assumption that the pow-

er of dismissal, in the circumstances stated, was beyond the
jurisdiction of the district court. The fact that respondent
has not pleaded *laches*, however the omission may affect his
right to assert it, is not conclusive on the court. The court,
*sua sponte*, may raise the point, and in so flagrant a case as
this record discloses, we cannot overlook it.

From the foregoing statement it will be observed that the
judgment dismissing the action was rendered March 6, 1896.
In his application for this writ plaintiff alleges that he did
not learn of that judgment for more than six months after it
was entered. This declaration is pregnant with the ad-
mission that he knew of it directly after the expiration of
six months. But if this were not so, from the return it ap-
pears, by petitioner's affidavit filed in support of his applica-
tion made in the district court to reinstate the action, that he
was informed of it on or about the 25th day of November
1898. He therefore was apprised of it within two years and
nine months after the order was entered. By complying
with our practice act petitioner might have gone to the court
of appeals either by appeal from, or writ of error to, the judg-
ment of dismissal, and he had three years for reviewing the
judgment by writ of error. He has not offered any sufficient
excuse for the unreasonable delay in filing this application,
or for his non-action during the period of more than three
months left for him to sue out a writ of error after he dis-
covered that the judgment of dismissal had been rendered.
It was solely his own fault that he did not get the benefit of
the several plain, speedy and adequate remedies open to him.
Under the common law practice a party may not disregard
plain statutoay remedies and then receive, as a reward for
his *laches*, extraordinary relief by *certiorari*. Numerous
cases might be cited in support of this conclusion. They
will be found collected in Harris on Certiorari, at sections
30, 55, 67, 80, 87, 132, 142, 291, 383, 591, 670, 736, 785, 788,

799.

The rule to show cause should be quashed and the petition dismissed at the costs of petioner, and it is so ordered.

*Petition  Dismissed.*