**Gerard PEABODY, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 21841.**

United States Court of Appeals
Ninth Circuit.

April 26, 1968.

Gerard Peabody, in pro. per.

Eugene G. Cushing, U. S. Atty., Michael Hoff, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and CHAMBERS and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant appeals from an order of the District Court denying, without hearing, his third motion to vacate sentence under 28 U.S.C. § 2255.

Following trial to a jury, at which appellant was represented by counsel of his own choosing, appellant was found guilty on each of seven counts of an indictment charging violations of 28 U.S.C. § 371 (conspiracy), and 18 U.S.C. § 2113(a), (b), (c) and (d) (bank rob-bery). On April 26, 1957, he was committed to the custody of the Attorney General for a total of thirty years imprisonment. No written notice of appeal was filed from the judgment of conviction.

Approximately a year and a half later, in September 1958, appellant filed in the district court a motion to vacate sentence under 28 U.S.C. § 2255. In this motion appellant claimed that his right of direct appeal was denied, in that he was frustrated in the exercise of such right by the actions of the Court and the United States Marshal. He also claimed that the district court had committed errors during the trial. The district court denied the motion and prepared and filed a lengthy, detailed Memorandum Opinion which appears in United States v. Peabody, 173 F.Supp. 413 (D.C.W.D.Wash. 1958). In its Memorandum Opinion the court held that there was no merit in the trial errors asserted by appellant, and that:

"Deprival of appeal alone is not sufficient to warrant vacating a criminal sentence. A showing must be made that there was 'plain reversible error in the trial.' Mitchell v. United States, supra, 103 U.S.App.D.C. 97, 254 F.2d 954 at page 955."

On appeal to this court, the order of the district court was affirmed. Peabody v. United States (unreported), No. 16359, February 12, 1959. The Supreme Court denied certiorari on October 12, 1959. Peabody v. United States, 361 U.S. 841, 80 S.Ct. 91, 4 L.Ed.2d 79.

On April 12, 1966, appellant filed in the district court a second motion to vacate sentence under 28 U.S.C. § 2255, claiming fraud and deceit by his trial counsel in failing to file a notice of appeal within the prescribed ten-day period. The district court denied this motion without a hearing on the ground that appellant had alleged no facts on which the allegations of fraud and deceit were based, and failed to show that he had been prejudiced by his loss of his right to appeal, citing Dodd v. United States, 321 F.2d 240 (9th Cir. 1963).

On February 8, 1967, appellant filed his third motion to vacate sentence under 28 U.S.C. § 2255. In substance appellant claims that he was deprived of his Sixth Amendment right to counsel at a crucial stage (ten-day appeal) of the criminal proceedings, and his Fifth Amendment right to due process by the action of the district court and the United States Marshal in frustrating his right to appeal. He also claims the Government purposely and oppressively deprived him of his constitutional rights in violation of the Civil Rights Act, 18 U.S.C. §§ 241 and 242. Also in his motion in the district court, but not on this appeal, appellant attacks the validity of the sentence imposed upon him.

The district court denied relief to appellant, without a hearing, on the ground that appellant failed to "show any grounds whatever for a possibly meritorious appeal." Appellant's appeal from such order is now before us.

We have examined the record and fully agree with the district court that appellant has not disclosed the nature of the error and the prejudice which he proposes, by this appeal, to correct. His allegations are purely conclusionary.

It is settled in this Circuit that a motion to vacate sentence, on the ground that petitioner's right to appeal has been frustrated, may succeed only if the motion alleges facts showing the occurrence of prejudicial trial errors that would have called for reversal of his conviction. Rodriquez v. United States, 387 F.2d 117 (9th Cir. 1967); McGarry v. Fogliani, 370 F.2d 42 (9th Cir. 1966) and cases cited in fn. 6, at p. 44 thereof.

Appellant's contention that he has been deprived of rights in violation of the Civil Rights Act, 18 U.S.C. §§ 241, and 242, is without merit. Such sections in no respect provide affirmative relief of the nature requested by appellant in this proceeding.

The order of the district court is affirmed.