No. 22759.

RICHARD HARVEY HAINES *v.* THE PEOPLE OF THE STATE
OF COLORADO.
(454 P.2d 595)

Decided May 12, 1969.

138

Edward H. Sherman, Public Defender, Truman E. Coles, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James F. Pamp, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THIS case involves a motion for post conviction relief filed pursuant to Colo. R. Crim. P. 35(b).

In 1959 on an information, defendant was charged, tried to a jury, and convicted of aggravated robbery and conspiracy to commit aggravated robbery. He was represented throughout the trial court proceedings by court-appointed counsel. In open court after the trial, the trial judge advised defendant and his counsel of the right to file a motion for new trial within ten days. Three days after the verdicts were brought in, defendant and his counsel personally appeared before the court for a hearing, at which defendant's counsel stated that the filing of any motions was waived. The court then ordered a pre-sentence report, and on July 6, 1959, imposed concurrent sentences upon defendant, who had been convicted previously of two felonies, of 30 years to life for aggravated robbery and 8 to 10 years for conspiracy to commit aggravated robbery.

After the expiration of six months from the date of judgment, defendant filed five petitions, three in the trial court and two in this court, for a free transcript of his trial proceedings. The petitions were denied, because no motion for new trial had been filed and all of the petitions had been filed after the expiration of the six-month limitation on initiating a writ of error.

On May 8, 1966, defendant requested the trial court to appoint counsel to represent him for the purpose of filing a 35(b) motion. The trial court appointed the public defender of the City and County of Denver and ordered a free transcript of the trial proceedings to be prepared and delivered to defendant's counsel. Thereafter, the public defender filed a motion under Colo. R. Crim. P. 35(b) to vacate defendant's sentence and to

discharge him from custody. The substance of the motion is two-fold:

(1) Defendant was denied his right to an appellate review of his conviction and sentence; and,

(2) Defendant was "at all times" entitled to a free transcript of his trial proceedings.

After an evidentiary hearing, the trial court found that the waiver by defendant's counsel of the right to file any motions after conviction and sentence was an effective waiver of the appeal by the writ of error procedures provided by law.

Defendant brings this writ of error seeking reversal of the judgment denying his motion to vacate conviction and sentence, or in the alternative, that the case be remanded to the trial court for orders providing defendant an appeal by writ of error from his judgment of conviction.

I.

■■ The gravamen of defendant's complaint is the failure to provide him with an appellate review of his sentence of conviction. Defendant correctly assumes that the constitutional guaranties of due process and equal protection assure him the right to appellate review without *invidious discrimination* on account of his indigency. His right to appeal from his conviction is the same as that of a person with financial means. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493, *rehearing denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed. 2d 1377.

■■ The mere failure, or even neglect, to take an appeal, *standing alone,* and whether excusable or not, raises no constitutional question, and hence, does not support a collateral attack. *Hodges v. United States,* 108 U.S. App. D.C. 375, 282 F.2d 858. However, a deprivation of constitutional rights has been held to exist where factors, such as fraud or deception imposed upon a con-

victed person by his attorney, deprive him of his appellate rights. *Entsminger v. Iowa*, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed. 2d 501.

However, no such factors are disclosed by the record in the case at bar. At the evidentiary hearing on his motion under Rule 35(b), defendant testified that after his conviction he wanted to appeal and so told his counsel. Twice thereafter, once just before sentencing and once after sentencing, defendant testified that he consulted with his counsel. On the first occasion, defendant testified that when he asked his counsel to appeal, the reply was that "he would see what he could do about it." On the second occasion, according to defendant's testimony, he asked his counsel about an appeal, "and there was quite a discussion about it, minor details." Defendant further testified that his counsel then suggested that defendant should go to the penitentiary "And do about a year, and he would see what he could do on an appeal at that time." The credibility of defendant's testimony regarding this remark by his counsel is questionable on its face, because the time for commencing a writ of error procedure would have then expired. On cross-examination, defendant testified that at no time did his trial counsel inform him that he had any grounds for an appeal. At no time during defendant's testimony did he state that his trial counsel had, in fact, told him that he would either file a motion for a new trial or prosecute on defendant's behalf any writ of error or appeal. The sum total of all defendant's testimony does not show, even inferentially, that his counsel had deceived him by specifically agreeing to initiate timely appeal procedures and then not doing so.

Although defendant testified that several of his alleged conversations with counsel regarding an appeal were in the presence of two co-defendants, the only testimony presented at the 35(b) hearing was that of defendant himself. In a similar situation, the United States Court

of Appeals for the First Circuit in *Desmond v. United States*, 333 F.2d 378, aptly stated:

"Let it be emphasized at this point, however, that it by no means follows that *a bare allegation such as that made in the case at bar* automatically entitles a prisoner who has not appealed to what is in effect an appeal with the possibility of a new trial perhaps resulting in acquittal. *Prison gates do not swing open so easily. The path to appellate relief by this route is steep and narrow."* (Emphasis added.)

Defendant's testimony at the Rule 35(b) hearing reveals that counsel neither represented grounds for an appeal existed nor ever agreed to undertake an appeal for defendant, *and the trial court in effect so found.*

■ *Moreover, defendant's motion could also be considered as no more than a request for permission to file an untimely writ of error.* In addition to other grounds, an essential and reasonable requirement of a request for a *late* filing of a writ of error is a showing that meritorious grounds for review exist. *Fennell v. United States*, 339 F.2d 920.

■ The same requirement is applicable to a motion for post conviction relief based on an alleged deprivation of the right to appeal: meritorious grounds for appellate review must be shown. *Mitchell v. United States*, 103 U.S. App. D.C. 97, 254 F.2d 954, *cert. denied*, 371 U.S. 838, 83 S.Ct. 64, 9 L.Ed. 2d 73, *United States v. Peabody*, 173 F.Supp. 413, No. 16359 (unreported, Ninth Circuit), *cert. denied*, 361 U.S. 841, 80 S.Ct. 91, 4 L.Ed. 2d 79; *Peabody v. United States*, 394 F.2d 175; *Rodriquez v. United States*, 387 F.2d 117; *McGarry v. Fogliani*, 370 F.2d (retained counsel); *Layne v. United States*, 266 F. Supp. 656 (retained counsel); *Shipp v. United States*, 245 F. Supp. 706; *Miller v. United States*, 339 F.2d 581; *Fennell v. United States, supra.* See also 24 C.J.S. *Criminal Law* §1606(13).

■ We therefore hold that this motion for post conviction relief on the ground that petitioner's right

to appeal has been frustrated, in the absence of counsel's fraud, deception, or express breach of agreement to prosecute a review, may succeed only upon showing meritorious grounds for an appellate review of the original trial.

We are of the opinion that no such showing has been made. Indeed, defendant's Rule 35(b) motion contains no allegations of any error at the trial, except to state that in his petitions for a free transcript, defendant had alleged his belief that "prejudicial error" had been committed at trial. This indirect allegation in the motion fails to disclose the nature of the error and is merely conclusionary. *Peabody v. United States*, 394 F.2d 175.

At the 35(b) evidentiary hearing, no error upon the trial was suggested other than the alleged "contradictory" testimony of two witnesses. Determining the credibility of witnesses is the jury's prerogative and does not warrant a reversal by the appellate court. *Duran v. People,* 162 Colo. 419, 427 P.2d 318. An inference is justifiable that defendant's attorney at the criminal trial was obviously of the opinion that no ground for appeal existed in the record. *Layne v. United States, supra.* The public defender appointed to represent defendant on his post conviction motion, although supplied with a free transcript, raised no assignments of trial error, either in the motion or at the hearing. At the behest of the public defender, defendant's written confession was made part of the record at the motion hearing, but counsel omitted any comment with respect to it in trial court, in his brief, or in oral argument. In light of this consistent silence, we may fairly infer that defendant's counsel raises no objection concerning the confession, because he would not presume a needless piecemeal attack upon the propriety of defendant's trial. The record clearly shows that the prerequisite for a collaterial attack on defendant's conviction, a showing of meritorious grounds for appellate review of the original trial, has not been fulfilled.

■ The trial court and counsel have viewed the crux of the case to be whether or not an effective waiver of defendant's appellate rights occurred. However, upon the basis of the foregoing opinion, we do not deem the question of waiver to be determinative. If a valid waiver occurred, the constutional implication of a failure to appeal is moot.

## II.

■ Defendant's second contention, that he was wrongfully denied a free transcript of the trial proceedings, is also moot. He was provided with a free transcript, which was delivered to his counsel before the hearing on his post conviction motion. The fact that he did not receive the transcript earlier was not prejudicial in view of our foregoing opinion.

■ Moreover, all of defendant's petitions for a free transcript of his trial proceedings were filed after the expiration of the six months limitation for bringing writ of error. It is well-settled that the right to appellate review may, without denial of due process, "be made contingent upon rigorous adherence to procedural requirements." 21 Am. Jur. 2d *Criminal Law* §227. See also *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, *rehearing denied,* 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370, where the United States Supreme Court held that due process was not violated by the refusal of a state supreme court to review a defendant's conviction of a capital crime, where the appeal was perfected one day late, even though the court was vested with statutory discretion to hear the appeal on the merits.

\* \* \*

Defendant was granted a speedy trial; he was charged in March 1959; tried to a jury in June 1959; and sentenced, after a post conviction hearing and pre-sentence investigation, in July 1959. Defendant was promptly provided with court-appointed counsel, who represented and appeared with him at his arraignment, pretrial, trial, post-trial hearing, and sentencing. At the 35(b)

hearing, the trial judge stated that defendant in his original trial "had one of the ablest criminal lawyers in Colorado representing him, and he certainly didn't neglect his client in any way." The evidentiary hearing was held before the same trial judge who had presided at defendant's original trial, as contemplated· by Rule 35(b) wherever possible. *Bresnahan Jr. v. Luby,* 160 Colo. 455, 418 P.2d 171.

 Seven years after his conviction, defendant requested the trial court to appoint counsel to represent him in applying for post conviction relief. The court appointed as defendant's counsel the public defender of the City and County of Denver. This appointment is clearly within the intendment of *Anders v. State of California, supra,* that an indigent defendant shall have counsel who is an *advocate* rather than *amicus curiae.* And defendant's counsel concedes that defendant was accorded "a full and complete hearing" on his Rule 35(b) motion.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.