The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Lloyd Louis VALDEZ,
Defendant–Appellant.

No. 88SA449.

Supreme Court of Colorado,
En Banc.

April 2, 1990.

Rehearing Denied April 23, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Daniel Dailey, Deputy Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey N. Herren, Lakewood, for defendant-appellant.

Justice KIRSHBAUM delivered the Opinion of the Court.

Appellant Lloyd Louis Valdez (Valdez) filed a Crim.P. 35(c) motion for post-conviction relief in the trial court, asserting that he had been denied effective assistance of appellate counsel in seeking this court's certiorari review of a judgment of the Court of Appeals. The motion requested the trial court to "find ... that meritorious grounds for review of his conviction exist" and to "grant him an additional period of time to perfect his writ of certiorari." The trial court denied the motion, and Valdez appealed.[1] We affirm.

---

1. The appeal was initially filed in the Court of Appeals, and subsequently transferred to this court. See § 13–4–110, 6A C.R.S. (1987); C.A.R. 50.

## I

On November 19, 1982, Valdez threatened to kill two prison guards with a pair of scissors at the Colorado Correctional Facility in Golden, Colorado. On March 14, 1983, Valdez was convicted by a Jefferson County District Court jury of the offense of first degree assault, in violation of section 18–3–202(1)(e), 8 C.R.S. (1978), and of five counts of habitual criminal charges, in violation of section 16–13–101, 8 C.R.S. (1978 and 1982 Supp.). The trial court imposed a sentence of life imprisonment, and Valdez appealed.

The Colorado Court of Appeals affirmed the judgment of the trial court on March 27, 1986. *People v. Valdez*, 725 P.2d 29 (Colo.App.1986). Valdez timely filed a petition for rehearing with the Court of Appeals, which petition was denied. Valdez, by his attorney, then filed three motions for extension of time within which to file a petition for writ of certiorari with this court. All of the motions were granted. The third order extended the time for filing such petition to August 5, 1986, and contained the statement, "No further extensions." [2]

On August 5, 1986, Valdez' appellate counsel filed a motion requesting one additional day within which to file the petition.[3] On August 6, 1986, Valdez' appellate counsel filed a twenty-six page petition for writ of certiorari together with a motion requesting permission to file a petition in excess of twelve pages. On that same date, August 6, 1986, this court denied the motion for further extension of time. On August 7, 1986, this court denied the request for leave to file a petition in excess of twelve pages. Valdez' appellate counsel promptly filed a motion for reconsideration of the denial of the request for extension of time or, alternatively, for permission to withdraw and for appointment of private counsel. The motion expressly referred to the contents of the petition for writ of certiorari in asserting that Valdez was denied a fair trial and that the Court of Appeals had erred in affirming his convictions. The motion was denied on August 11, 1986, and the Court of Appeals issued its mandate on August 19, 1986.

Valdez subsequently filed a motion for post-conviction relief with the trial court pursuant to Crim.P. 35(c)(2), alleging ineffective assistance of counsel on appeal.[4] The trial court conducted a hearing on September 18, 1987, at the conclusion of which it denied the motion by means of an oral ruling. In a subsequent written order denying Valdez' motion for rehearing, the trial court held that "defendant's appellate counsel's performance was reasonable under prevailing professional norms and after considering the circumstances of this case." Referring to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Stroup v. People*, 656 P.2d 680 (Colo.1982), and *People v. Williams*, 736 P.2d 1229 (Colo.App.1986), *cert. denied* (1987), the trial court also concluded that some prejudice to Valdez must be established to authorize relief pursuant to Crim.P. 35(c), that such prejudice had not been established, and that such prejudice could not be presumed. This appeal ensued.

## II

■ The trial court concluded that under the circumstances of this case Valdez failed to establish ineffective representation by his appellate counsel. While we agree with this conclusion, we do so on grounds quite different from those relied upon by the trial court.

Crim.P. 35(c)(2)(VI) permits application for post-conviction relief by a person whose

---

**2.** The period of time requested by the three motions totaled 22 days.

**3.** The motion stated that the petition "is written but additional time is needed for the final typing, proofreading, photocopying and filing of the [p]etition." In an affidavit attached to Valdez' Crim.P. 35(c) motion, the appellate counsel averred that the petition was written by August 5, 1986, "but was only partially typed due to the fact that my secretary left early."

**4.** Valdez filed a motion on February 6, 1987, and filed a second motion on August 20, 1987. At all stages of this post-conviction proceeding Valdez was represented by counsel other than the attorney who had served as his attorney for purposes of appealing the 1983 convictions.

judgment of conviction has been affirmed on appeal if the application alleges a ground "properly the basis for collateral attack upon a criminal judgment." It is well established that a violation of the right to effective assistance of counsel guaranteed by the sixth amendment to the United States Constitution and article II, section 16, of the Colorado Constitution in connection with a first appeal of right constitutes such a ground. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Rodriguez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Stroup v. People,* 656 P.2d 680 (Colo.1982); *People v. Williams,* 736 P.2d 1229 (Colo.App.1986), *cert. denied* (1987). However, in *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), the United States Supreme Court held, *per curiam,* that under the sixth amendment to the United States Constitution "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court." *Id.* at 587, 102 S.Ct. at 1301. We therefore must initially determine whether Valdez was entitled as a matter of constitutional right to the assistance of counsel at all in filing a petition for writ of certiorari with this court from the final judgment of the Court of Appeals affirming his conviction at trial.[5]

We first note that an attorney had been appointed to represent Valdez for the purpose of appealing his trial court conviction. Certainly an appellate attorney's responsibilities include the obligation to advise his or her client of the possibility of discretionary review by this court of a Court of Appeals judgment. It is undisputed that Valdez and his attorney agreed that the

Court of Appeals erred in affirming the trial court's judgment and that a petition for writ of certiorari review should be filed.

It has long been recognized that this court in the exercise of its appellate jurisdiction has absolute discretion to grant or to deny a petition for writ of certiorari to review a final judgment of a lower tribunal. Colo. Const. art. VI, § 3; C.A.R. 50, 52(b); *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970); *Sutterfield v. District Court,* 165 Colo. 225, 438 P.2d 236 (1968); *People v. District Court,* 28 Colo. 218, 64 P. 194 (1900). We have also recognized that under our rules of appellate procedure, as authorized by the grant of appellate jurisdiction contained in article VI, sec. 2(2) of the Colorado Constitution, a petition requesting this court to exercise its appellate jurisdiction to review a lower court judgment is an application of right. C.A.R. 51(a); *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37; *see People v. Williams,* 736 P.2d 1229 (Colo.App.1986), *cert. denied* (1987). Thus Valdez had a right to file his application for certiorari review by this court of the judgment of the Court of Appeals. He therefore had a right to obtain counsel and to rely upon such counsel's skill for the purpose of preparing and filing that application.

### III

Valdez asserts that the trial court erred in applying the cause and effect test enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine whether he was denied effective assistance of appellate counsel in this case. The two-part *Strickland* test requires a court to determine initially whether trial counsel's performance was deficient, as measured by the objective standard of reasonable conduct by a reasonably competent attorney. If the trial attorney's conduct was unreasonable under all the circumstances, the

---

**5.** In *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), the Supreme Court noted that the Florida Supreme Court had limited mandatory appellate jurisdiction and

that the respondent did not contend that he had a right to such mandatory review. *Id.* at 587 n. 3, 102 S.Ct. at 1301 n. 3.

court must then determine if such deficient performance so prejudiced the defendant as to deprive the defendant of a fair trial. *Id.* at 687–88, 104 S.Ct. at 2064–65. The test was designed to provide a remedy in circumstances wherein the conduct of a trial attorney "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064.

In *Strickland,* the Supreme Court focused its attention on the necessity of ensuring the integrity of the adjudicative process in the context of a trial setting. While this concern stems from due process notions as well as right to counsel principles, *see Evitts v. Lucey,* 469 U.S. 387, 392, 105 S.Ct. 830, 833–34, 83 L.Ed.2d 821 (1985), such commingling of analytical formulae should not obscure the basic contours of the enunciated policy. At all stages of adjudicative proceedings each party is responsible for the thorough and vigorous presentation of that party's position. Whether the object be the accumulation of evidence, the cross-examination of adverse witnesses, or the analysis and application of pertinent legal precedent, each party in our adversarial system must assume the responsibility for accomplishing the task. When a party is represented by counsel at trial, that party becomes quite dependent upon that counsel's skill and training to participate meaningfully in the judicial process.

The identification and analysis of errors of law allegedly committed during prior adjudicative proceedings are critical to the appellate process. Because such skills normally are attained only through formal professional training and experience, an appellant or appellee represented by counsel is peculiarly dependent upon the advice and ability of that attorney. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 352, 102 L.Ed.2d 300 (1988).

In *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, the Supreme Court discussed the roles performed by appellate counsel in our adjudicative process. In *Evitts,* the federal trial court, in a post-conviction habeas corpus proceeding, found that appellate coun-

sel's failure to file a statement of appeal with the Kentucky Court of Appeals constituted ineffective assistance of counsel for purposes of the sixth amendment. Based on that finding, the trial court issued a conditional writ of habeas corpus ordering the defendant's release from custody unless the Commonwealth of Kentucky either reinstated the defendant's appeal or retried him. The Court of Appeals for the Sixth Circuit affirmed the order.

Because neither party disputed the trial court's conclusion that the defendant's sixth amendment right to counsel had been violated, the court did not decide what test should apply to determine such violation. *Id.* at 392, 105 S.Ct. at 833–34. The issue posed in *Evitts* was whether the Kentucky Court of Appeals violated the defendant's due process rights under the fourteenth amendment to the United States Constitution in granting the Commonwealth's motion to dismiss the defendant's initial appeal because defendant's counsel failed to file a statement of appeal within the time period authorized by Kentucky's rules of appellate procedure.

The Supreme Court initially held that criminal defendants are entitled by the provisions of the sixth amendment to the United States Constitution to effective assistance of counsel for the purpose of perfecting a first appeal as of right. The Court then held that because the defendant had been denied effective assistance of counsel in preparing his appeal, due process principles prohibited the Kentucky Court of Appeals from dismissing the appeal for failure to comply with a rule of appellate procedure.

■ Although the Supreme Court has not yet articulated a test for determining claims of ineffective assistance of appellate counsel, several federal and state courts have adopted various standards for resolving such claims. *See, e.g., Evitts v. Lucey,* 469 U.S. at 397 n. 9, 105 S.Ct. at 837 n. 9; *People v. Boivin,* 632 P.2d 1038 (Colo.App. 1981), *cert. granted* (1981), *cert. dismissed* (1982). In some cases, the two-prong test of *Strickland* has been routinely applied to require the defendant to establish the pres-

ence of a meritorious appeal or to demonstrate that the outcome of the appellate process would have been different but for the deficient performance of appellate counsel. *See Beavers v. Lockhart,* 755 F.2d 657 (8th Cir.1985); *Davis v. Wainwright,* 498 So.2d 857 (Fla.1986); *Wilson v. Wainwright,* 474 So.2d 1162 (Fla.1985); *Foust v. State,* 489 N.E.2d 39 (Ind.1986); *Gering v. State,* 382 N.W.2d 151 (Iowa 1986); *Cartwright v. State,* 708 P.2d 592 (Okla.Crim.App.1985).

Other courts have indicated that, for purposes of determining whether a particular defendant has been denied the effective assistance of appellate counsel, deficient performance alone is sufficient to establish a deprivation of the constitutional right. *See, e.g., Gay v. State,* 288 Ark. 589, 707 S.W.2d 320 (1986); *People v. Valenzuela,* 175 Cal.App.3d 381, 222 Cal.Rptr. 405 (1985); *Commonwealth v. Wine,* 694 S.W.2d 689 (Ky.1985); *Loop v. Solem,* 398 N.W.2d 140 (S.D.1986). The Supreme Court itself has suggested in dicta that in some circumstances the performance of counsel might be so deficient that prejudice may be presumed to have resulted therefrom. *United States v. Cronic,* 466 U.S. 648, 658–60, 104 S.Ct. 2039, 2046–48, 80 L.Ed.2d 657 (1983). While this standard avoids requiring a trial court to review the record of a trial over which it presided to determine whether an assertion of error has merit, it offers no flexibility for situations in which the integrity of the appellate process is not affected by the deficient performance of appellate counsel.

The two-prong test enunciated in *Strickland* is designed to preserve the right to effective assistance of counsel in light of the primary basis for such right—the assurance that at all critical stages of the adjudicative process a criminal defendant represented by counsel is in fact represented by an attorney of sufficient quality to

ensure that the process itself is fundamentally fair. In our view, that test is well-suited for appellate as well as trial settings. The initial inquiry must be whether the conduct of the attorney was in fact deficient in light of prevailing standards of appellate practice. If the conduct was deficient, the inquiry must then be whether, in view of all the circumstances, the deficient conduct so prejudiced the defendant as to substantially undermine the integrity of the appellate process. A requirement of prejudice accords due regard to the principles of finality and integrity of procedural requirements essential to an ordered appellate process while recognizing that in appropriate circumstances those principles must yield to ensure that parties to that process are accorded fundamental fairness. To satisfy that prejudice standard in the context of this case, wherein Valdez has received full appellate review of his convictions, Valdez must demonstrate the existence of meritorious grounds for reversal of the decision of the Court of Appeals.[6]

■ The record before the trial court in this Crim.P. 35(c) proceeding demonstrates that the conduct of Valdez' appellate counsel was deficient under the first prong of the *Strickland* test. Several alternatives other than failing to file any form of a petition by the "final extension" deadline were available. Counsel was aware that the court's order represented a third and final extension of time within which to file the petition. The attorney's performance was patently deficient, contrary to the trial court's determination.

■ However, Valdez did not establish that meritorious grounds exist for reversal of the decision of the Court of Appeals. Valdez' proposed petition for writ of certiorari presents six issues for review. Five of the issues assert due process challenges to

---

**6.** In *Haines v. People,* 169 Colo. 136, 142, 454 P.2d 595, 598 (1969), we indicated in dicta that a defendant seeking post-conviction relief on the basis of a denial of a first right of appeal because of allegedly fraudulent conduct of counsel must establish meritorious grounds for review. In *Stroup v. People,* 656 P.2d 680 (Colo.1982), we also recognized a similar test of prejudice in

the context of a post-conviction proceeding in concluding that the defendant's claim for relief presented a meritorious ground and ultimately reversing the defendant's conviction. The rationales of *Haines* and *Stroup,* both of which were decided prior to the Supreme Court decisions in *Strickland* and *Evitts,* are not inconsistent with our holding today.

various aspects of the trial proceedings: improper reliance on invalid prior convictions for impeachment and sentencing purposes; plain error by the trial court in permitting the prosecution, without objection, to inform the jury of several prior convictions of defendant; prejudicial closing arguments by the prosecutor; improper trial court ruling during jury deliberations, in the absence of defendant, permitting the jury to review tape recording evidence during deliberations; and improper instructions concerning the fact that Valdez previously had twice been convicted of habitual criminal charges. The proposed petition also asserts that Valdez was denied his right to speedy trial under the Uniform Mandatory Disposition of Detainers Act, § 16–14–102, 8 C.R.S. (1978 Repl.Vol.).

The Court of Appeals addressed all six issues in its opinion. As the trial court observed during the Crim.P. 35(c) proceeding, the only evidence presented by Valdez to establish any resultant prejudice from the deficient conduct of his appellate counsel was an affidavit executed by that counsel containing the statement that all six grounds set forth in the proposed petition were "meritorious." Any analysis of the issue of prejudice must be based on the materials presented at the Crim.P. 35(c) hearing.

Having reviewed the decision of the Court of Appeals, Valdez' proposed petition for writ of certiorari and the aforementioned affidavit, we conclude that Valdez did not satisfy his burden of establishing that the judgment of the Court of Appeals was erroneous.

Although the information in this case charged Valdez with ten prior convictions, at trial only five such convictions were relied upon by the prosecution in connection with the habitual criminal allegations. Valdez challenged only four of these convictions.

With respect to one of those four prior convictions, a 1972 conviction based upon a guilty plea, no transcript of the providency hearing was available. Statements by Valdez at the suppression hearing, which statements are referred to in the proposed petition for writ of certiorari, suggest that, contrary to the conclusion of the Court of Appeals, the trial court may have erred in holding that this 1972 conviction was constitutionally valid. However, the record before the trial court does not suggest that either it or the Court of Appeals erred in concluding that the three other relevant convictions were constitutionally valid. Thus any error in the ruling respecting the 1972 conviction would, in our view, constitute harmless error at best in the circumstances of this case.

We find no basis in the record to conclude that the Court of Appeals erred in its rulings with respect to the other five errors of law referred to in the proposed petition for writ of certiorari. We therefore conclude that Valdez failed to establish the prejudice prong of the *Strickland* test and, therefore, failed to establish a denial of his right to the effective assistance of appellate counsel.

In view of these circumstances, we conclude that while the conduct of Valdez' appellate counsel was deficient, Valdez failed to establish that he suffered prejudice as the result of that deficient performance.

IV

For the foregoing reasons, which differ from those underlying the trial court's conclusion, we affirm the judgment of the trial court.

MULLARKEY, J., specially concurs
and ERICKSON and ROVIRA, JJ., join
in the concurrence.

Justice MULLARKEY concurring in
the judgment:

I concur in the court's judgment affirming the district court but I do not join in the majority opinion. The majority holds that a criminal defendant may assert that he or she received ineffective assistance of counsel in violation of the Sixth Amendment if the defendant's counsel failed to file a timely petition for certiorari from an adverse decision of the court of appeals. According to the majority, the validity of such claim

must be tested under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because I believe that the result reached by the majority is not compelled by the federal constitution, the state constitution, or the precedents of this court, I cannot join the majority opinion.

In *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the Court held that a criminal defendant does not have a constitutional right to the appointment of counsel to pursue discretionary state appeals or applications for review in the United States Supreme Court. In *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), the Court made it clear that because a defendant does not have a constitutional right to counsel to seek discretionary state appellate review,[1] he cannot claim that he was deprived of effective assistance of counsel in seeking such review. *Torna,* 455 U.S. at 587–88, 102 S.Ct. at 1301–02.[2]

In *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Court held that a defendant had a right to effective assistance of counsel in pursuing his appeal before the Kentucky Court of Appeals. The Court distinguished "discretionary review," such as that present in *Ross,* from an "appeal as of right," which the Court found to exist under Kentucky law with respect to appellate review in that state's court of appeals. The Court noted that:

> Under any reasonable interpretation of the line drawn in *Ross* between discretionary appeals and appeals as of right, a criminal defendant's appeal of a conviction to the Kentucky Court of Appeals is an appeal as of right. Section 115 of the Kentucky Constitution provides that "[i]n all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court." Unlike the appellant in the discretionary appeal in *Ross,* a criminal appellant in the Kentucky Court of Appeals typically has not had the benefit of a previously prepared trial transcript, a brief on the merits of the appeal, or a previous written opinion. In addition, petitioners fail to point to any source of Kentucky law indicating that a decision on the merits in an appeal like that of respondent—unlike the discretionary appeal in *Ross*—is contingent on a discretionary finding by the Court of Appeals that the case involves significant public or jurisprudential issues; the purpose of a first appeal in the Kentucky court system appears to be precisely to determine whether the individual defendant has been lawfully convicted. In short, a criminal defendant bringing an appeal to the Kentucky Court of Appeals has not previously had "an adequate opportunity to present his claims fairly in the context of the State's appellate process."

*Evitts v. Lucey,* 469 U.S. at 401–402, 105 S.Ct. at 838–839 (citations omitted).

Unlike the criminal appellant pursuing an appeal before the Kentucky Court of Appeals in *Evitts,* the defendant here has had his case decided by an appellate court prior to seeking certiorari review. He has had the benefit of a previously prepared trial transcript, a brief on the merits of the appeal, and a previous written opinion. He has had the opportunity to present his claims fairly before the Colorado Court of Appeals and that court has determined that he was lawfully convicted. In short, he has had an appeal as of right.

Further, his appeal as of right does not extend to petitioning for certiorari review.

**1.** The phrase "right to counsel" is somewhat inaccurate. No one suggests that a criminal defendant can be denied the right to secure counsel through his own means or that a criminal defendant as a client may not pursue civil remedies if counsel commits malpractice. The Supreme Court in *Ross* merely held that an indigent defendant did not have a right to have counsel appointed on his behalf to pursue a discretionary appeal. It logically followed, in *Wainwright v. Torna,* that if the defendant did not have a constitutional right to have an attorney appointed to represent him in seeking a discretionary appeal, then the fact that an attorney who actually represented a defendant in such a capacity did so ineffectively does not rise to the level of a constitutional violation.

**2.** As in this case, defendant's counsel in *Torna* failed to make a timely application for a writ of certiorari.

Our certiorari process under C.A.R. 49 is quite similar to the statute construed in *Ross*, which governed review by the North Carolina Supreme Court.[3] The granting of a petition for writ of certiorari is purely discretionary with this court; it will be granted only where there are "special and important" reasons therefor.[4] Thus, under the clear holdings of the United States Supreme Court in *Ross, Torna,* and *Evitts*, the defendant here had no federal constitutional right to the assistance of counsel in his effort to seek review in this court and therefore cannot base a claim for relief under Crim.P. 35(c) on the theory that, contrary to the federal constitution, he was denied the effective assistance of counsel because his petition for writ of certiorari was not timely filed.[5]

The majority apparently construes our certiorari process as part of a criminal defendant's first appeal as of right. It relies on Article VI, Section 2(2) of the state constitution as interpreted in *Bill Dreiling Motor Co. v. Court of Appeals*, 171 Colo. 448, 468 P.2d 37 (1970), and *People v. Williams*, 736 P.2d 1229 (Colo.App.1986). Maj. op. at 408–409. Neither is dispositive.

In *Bill Dreiling*, we considered whether the transfer of the petitioner's case from this court to the court of appeals following the creation of the court of appeals by the legislature violated Article VI, Section 2(2) of the state constitution. That provision states:

> Appellate review by the supreme court of every final judgment of the district courts, the probate court of the city and county of Denver, and the juvenile court of the city and county of Denver shall be allowed, and the supreme court shall have such other appellate review as may be provided by law.

The question presented in *Bill Dreiling* was whether review by certiorari is appellate review. *Bill Dreiling*, 171 Colo. at 452, 468 P.2d at 39. We concluded that it was. We further considered the petitioner's contention that certiorari was not a writ of right, noting that this argument "begs the question of whether our procedure contravenes the constitutional provi-

---

**3.** At the time the *Ross* case was heard, discretionary appeals to the Supreme Court of North Carolina were governed by N.C.Gen.Stat. § 7A–31 (1969), which in relevant part allowed the state supreme court to accept a case when in its opinion "(1) The subject matter of the appeal [had] significant public interest, or (2) The cause involve[d] legal principles of major significance to the jurisprudence of the State, or (3) The decision of the Court of Appeals appear[ed] likely to be in conflict with a decision of the Supreme Court." *Ross*, 417 U.S. at 613–14, 94 S.Ct. at 2445–46.

**4.** Colorado Appellate Rule 49(a) states:

> **Rule 49. Considerations Governing Review on Certiorari. (a) Addressed to Judicial Discretion.** A review in the Supreme Court on writ of certiorari as provided in section 13–4–108, C.R.S., and section 13–6–310, C.R.S., is a matter of sound judicial discretion and will be granted only when there are special and important reasons therefor. The following, while neither controlling nor fully measuring the Supreme Court's discretion, indicate the character of reasons which will be considered:
>
> (1) Where the district or superior court on appeal from the county court has decided a question of substance not heretofore determined by this court;
>
> (2) Where the Court of Appeals, or district or superior court on appeal from the county court, has decided a question of substance in a way probably not in accord with applicable decisions of the Supreme Court;
>
> (3) Where a division of the Court of Appeals has rendered a decision in conflict with the decision of another division of said court; the same ground applies to judgments and decrees of district courts on appeal from the county court when a decision is in conflict with another district court on the same matters;
>
> (4) Where the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings or so far sanctioned such procedure by a lower court as to call for the exercise of the Supreme Court's power of supervision.

**5.** The defendant in his brief merely cites *Bill Dreiling Motor Co. v. Court of Appeals*, 171 Colo. 448, 468 P.2d 37 (1970), and *People v. Williams*, 736 P.2d 1229 (Colo.Ct.App.1986), for the proposition that appellate review in this court is not discretionary for purposes of determining whether the right to effective assistance of counsel is applicable. He offers no argument or analysis supporting the recognition of such right on a basis independent of the federal constitution.

sions." *Bill Dreiling*, 171 Colo. at 453, 468 P.2d at 40. We went on to state that:

> The *petition* provided in Colorado Appellate Rules for a writ of certiorari is an *application of right.* The study by this court of that petition and of the record on appeal to determine whether to grant or deny the petition constitutes a review. As to petitions for certiorari which are denied, we hold that this review is "appellate review" as that term is used in the Colorado constitution.

*Id.* (emphasis in original).

The majority reasons that because the petition for writ of certiorari is an "application of right" and thus satisfies the "appellate review" requirement of Article VI, Section 2, the right to effective assistance of counsel is applicable in this case. Maj. op. at 408. I disagree with this conclusion. Our holding that certiorari review satisfies the state constitutional requirement that "appellate review" by the supreme court "shall be allowed," does not determine the issue of whether the Sixth Amendment right[6] to effective assistance of counsel applies to seeking certiorari review. To state that the petition for writ of certiorari is an application of right does no more than state the obvious: any aggrieved party may ask this court to review a decision of a lower court but this court is free to grant or deny such request at its discretion. In this respect, this court is no different from the United States Supreme Court and the North Carolina Supreme Court in *Ross v. Moffitt.* Parties aggrieved by a North Carolina lower court decision or by a lower federal court decision obviously have a "right" to ask the relevant higher court, the North Carolina Supreme Court or the United States Supreme Court, to review the decision. Characterizing this opportunity to take advantage of the certiorari procedure as a "right" does not, however, transform such procedure into an "appeal as of right" subject to the Sixth Amendment guarantee of the right to effective assistance of counsel.

In reaching its conclusion that the right to effective assistance of counsel applies to certiorari petitions, the majority also cites the court of appeals' decision in *People v. Williams*, 736 P.2d 1229 (Colo.App.1986). In *Williams*, the court of appeals accepted the defendant's assertion that he was denied effective assistance of counsel on appeal because his attorney failed to file a petition for rehearing of the court of appeals' decision. It stated:

> While there is no right to effective assistance of counsel to pursue strictly discretionary appeals, [citation omitted], under Colo. Const., art. VI, § 2(2), review by a petition for writ of certiorari to the Colorado Supreme Court is an application of right, not discretion. *See Bill Dreiling Motor Co. v. Court of Appeals*, 171 Colo. 448, 468 P.2d 37 (1970). Thus, defendant had a constitutional right to effective assistance of [his] attorney in the filing of a petition for rehearing in the Court of Appeals which is a prerequisite for an application for a writ of certiorari.

*Williams*, 736 P.2d at 1231.

In addition to the fact that this court is not bound by the decision of the court of appeals, I would note that its statement implying that a defendant has the right to effective assistance of counsel in seeking review before this court is mere *dicta*. The only question before the court of appeals in *Williams* was whether the defendant had the right to effective assistance of counsel in filing his petition for rehearing before the court of appeals. The court of appeals' implication that review in this court is not "discretionary" and thus a defendant is entitled to effective assistance of counsel in seeking such review is offered without any analysis, apparently in reliance on our decision in *Bill Dreiling*. As discussed above, *Bill Dreiling* did not consider that question and the court of appeals' reliance on that case was misplaced.

It is anomalous that the majority relies entirely on federal Sixth Amendment juris-

---

**6.** I note that the Colo. Const. Art. II, Sec. 16 also recognizes the right of an accused in a criminal prosecution "to appear and defend in person and by counsel...." However, the majority does not offer this provision as the basis for its holding. In any case, I do not believe this provision supports a broader interpretation of the right to counsel than that provided for under the Sixth and Fourteenth Amendments to the federal constitution.

prudence, including *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, to define the defendant's right to counsel when petitioning for certiorari but rejects the United States Supreme Court's conclusion that the right to counsel does not extend to the certiorari process. In the absence of clear constitutional language compelling such a result, I am reluctant to find that the state constitution requires that which the federal constitution does not. In this case, the majority opinion has the potential to create great mischief by removing the incentive for attorneys to follow the rules of appellate procedure and the orders of this court with respect to the prompt preparation and proper filing of requests for certiorari review. Further, I see no principled way to separate a claim such as that presented in this case, where the defendant's counsel failed to follow the procedural requirements respecting the timely filing of the certiorari petition, from a claim that an attorney was ineffective because the attorney failed to make the most of the substantive issues presented to this court. Thus, we are faced with the prospect of relitigation of each failed petition as a defendant claims that his previous attorney ineffectively argued his case and, therefore, that another opportunity for review must be allowed.

To avoid such results and because I see no reason to reject the reasoning of the United States Supreme Court with respect to the right under the federal constitution to the effective assistance of counsel on discretionary appeals, I would hold that the defendant in this case had no right under either the federal or the state constitution to assistance of counsel in seeking the discretionary review of this court and, accordingly, the defendant cannot make a claim of ineffective assistance of counsel in seeking such review in this court. On this basis, I would affirm the judgment of the district court.

ERICKSON and ROVIRA, JJ., join in this concurrence.