**Lloyd Louis VALDEZ, Petitioner,**

v.

**Frank GUNTER and Gale Norton, Respondents.**

**Civ. A. No. 91–B–24.**

United States District Court,
D. Colorado.

July 29, 1991.

Lloyd Louis Valdez, pro se.

Robert M. Petrusak, Asst. Atty. Gen., Denver, Colo., for respondents.

**MEMORANDUM OPINION
AND ORDER**

BABCOCK, District Judge.

Petitioner Lloyd Louis Valdez (Valdez) is incarcerated in a Colorado state prison pursuant to a conviction that was affirmed by the Colorado Court of Appeals. *People v. Valdez*, 725 P.2d 29 (Colo.App.1986). He seeks release by writ of habeas corpus. One of Valdez's claims is that he was denied effective assistance of counsel because of his attorney's failure to file a timely petition for writ of certiorari to the Colorado Supreme Court to appeal the merits of Valdez's state court conviction. The Magistrate Judge determined that Valdez had a federal constitutional right to effective assistance of counsel in filing his petition for writ of certiorari and recommends that an evidentiary hearing be held to determine whether Valdez's counsel was constitutionally adequate. Before me are respondents' objections to the Magistrate Judge's recommendation. Because objections were filed, I review de novo. *See* 28 U.S.C. § 636(b)(1). I reject the recommendation.

Valdez had no federal constitutional right to effective assistance of counsel to file his petition for writ of certiorari. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curium), controls. There, a habeas corpus petitioner was in custody pursuant to several convictions that were affirmed by the Florida Court of Appeals. The Florida Su-

**300**

preme Court dismissed an application for writ of certiorari as untimely and denied a petition for rehearing and clarification. The habeas petitioner then sought a writ of habeas corpus contending that he had been denied his right to effective assistance of counsel by the failure of his counsel to file the application for certiorari timely. The Supreme held that the district court was correct in dismissing the petition.

In *Ross v. Moffitt,* 417 U.S. 600, [94 S.Ct. 2437, 41 L.Ed.2d 341] (1974), this Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or application for review in this Court. Respondent does not contest the finding of the District Court that the had no absolute right to appeal his convictions to the Florida Supreme Court. Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely. The district court was correct in dismissing the petition.

*Torna,* 455 U.S. at 587–88, 102 S.Ct. at 1301 (footnote omitted).

▪ The Colorado Supreme Court has held, in Valdez's own case, that the Colorado Supreme Court "has absolute discretion to grant or to deny a petition for writ of certiorari to review a final judgment of a lower tribunal." *People v. Valdez,* 789 P.2d 406, 408 (Colo.) *cert. denied,* — U.S. ——, 111 S.Ct. 193, 112 L.Ed.2d 156 (1990). Because the Colorado Supreme Court's review of Valdez's conviction was discretionary, Valdez had no federal constitutional right to assistance of counsel in filing his petition for certiorari. Accordingly, Valdez's effective assistance of counsel claim must be dismissed.

▪ The Magistrate Judge determined that in *Valdez* the Colorado Supreme Court held that a petition for writ of certiorari is an appeal as of right. The Colorado Supreme Court did not so hold. Instead, it held that Valdez had a constitutional right to the assistance of counsel in filing his petition for writ of certiorari because he

"had a right to file his application for certiorari." *Valdez,* 789 P.2d at 408.

I am not bound by a state court's interpretation of the federal constitution. *Leney v. Plum Grove Bank,* 670 F.2d 878, 880 (10th Cir.1982). Whether Valdez has a right to file a petition for writ of certiorari is irrelevant to whether Valdez had a federal constitution right to assistance of counsel in filing that petition. So long as the appeal is discretionary, filing a petition for writ of certiorari is "pursu[ing] a discretionary appeal," to which the federal constitutional right to assistance of counsel does not attach. *Torna,* 455 U.S. at 587–88, 102 S.Ct. at 1300–02.

Accordingly, it is ORDERED that:

(1) the Magistrate Judge's recommendation that an evidentiary hearing be held on Valdez's ineffective assistance of counsel is REJECTED;

(2) Valdez's ineffective assistance of counsel claim is DISMISSED; and

(3) this case is referred back to the Magistrate Judge for further proceedings.