**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN CRAIN,

Plaintiff - Appellant,

v.

CLARK COUNTY PUBLIC DEFENDER;
et al.,

Defendants - Appellees.

No. 08-17646

D.C. No. 2:08-cv-00818-KJD-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Steven Crain appeals pro se from the district court's judgment dismissing

with prejudice his 42 U.S.C. § 1983 action.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NW/Research

§ 1291.  We review de novo an order dismissing a claim, *Price v. State of Hawaii*, 939 F.2d 702, 706 (9th Cir. 1991), and we affirm.

The district court properly dismissed Crain's claims against the Nevada Commission on Judicial Discipline because under the Eleventh Amendment the Commission is immune from suit.  *See* Nev. Rev. Stat. 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that Eleventh Amendment immunity applies to state agencies).

The district court properly dismissed Crain's claims against psychotherapists Williams and Pacult because Crain did not state a claim under 42 U.S.C. § 1983 or 18 U.S.C. § 241.  *See Price*, 939 F.2d at 707-08 (stating that "private parties are not generally acting under color of state law" for purposes of § 1983); *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968) (stating that § 241 does not provide a private right of action).

The district court properly dismissed Crain's claims against the Clark County Public Defender and District Attorney because those claims were barred by both the statute of limitations, *see Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), and by *Heck v. Humphrey*, 512 U.S. 477, 483-87, 490 n.10 (1994).

On appeal Crain contends that the district court should have given him leave to amend. We disagree because amendment would have been futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

The district judge did not abuse his discretion when he declined to recuse himself because Crain's motion was based on previous adverse rulings. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

We deny as moot Crain's motions filed on February 23 and 27, 2009.

We instruct the Clerk to file Crain's motion submitted on June 15, 2009, and deny it.

We instruct the Clerk to file Crain's request submitted on September 23, 2009.

We grant Crain's motion filed on April 8, 2009, and instruct the Clerk to file his second reply brief to the District Attorney's answering brief.

**AFFIRMED.**